DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Fulton County Court of Common Pleas which granted summary judgment to appellee, determining that the automobile insurance policy issued by appellee was properly canceled prior to the motor vehicle *Page 2 
accident underlying this case. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Paul Hawkins, sets forth the following sole assignment of error:
 {¶ 3} "The trial court erred in granting summary judgment to plaintiff Progressive Hawaii insurance Corp."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. On May 23, 2004, a motor vehicle accident occurred between a vehicle owned by Dean Eichler and another vehicle in which appellant, Paul Hawkins, was a passenger. Hawkins sustained bodily injury in the accident.
 {¶ 5} On May 10, 2004, Progressive mailed a cancellation notice for nonpayment of his premium to Eichler. The notification advised Eichler that if the overdue insurance premium was not received or postmarked by May 21, 2004, the policy would be canceled. Eichler did not tender the overdue payment. On May 21, 2004, Progressive mailed written confirmation to Eichler that his policy was canceled effective May 21, 2004, at 12:01a.m. due to the ongoing premium nonpayment.
 {¶ 6} On May 23, 2004, several days following the insurance cancellation, Eichler's vehicle was involved in the motor vehicle accident in which appellant was injured. On April 13, 2007, Progressive filed suit in the Fulton County Court of Common Pleas seeking declaratory judgment that its policy had been canceled for premium nonpayment and was not in effect so as to provide coverage to appellant for injuries sustained in the May 23, 2004 motor vehicle accident. *Page 3 
 {¶ 7} On October 22, 2007, both parties filed for summary judgment. Progressive argued that its cancellation of Eichler's policy was in compliance with the requirements of R.C. 3937.32 (E) and therefore precluded coverage for the subsequent motor vehicle accident. In response, Hawkins argued that the cancellation for nonpayment of premium required a 30-day notification so as to render the policy applicable to the accident.
 {¶ 8} On November 27, 2007, the trial court issued its summary judgment ruling. Summary judgment was granted to Progressive on the coverage issue. The court held that the policy was properly canceled prior to the collision and thus did not provide coverage. In its ruling, the court expressly pointed to our ruling on this precise point of law in Hosler v. Clayton (1992), 6th Dist. No. 91-WD-110. InHosler, we held that R.C. 3937.32 (E) establishes that automobile insurance policies can be canceled for nonpayment of premiums through issuance of a ten-day notice to the insured. We expressly rejected the contention that cancellation for nonpayment of premium requires a 30-day notification.
 {¶ 9} In his single assignment of error, appellant again submits the 30-day notification requirement argument rejected by us inHosler. Appellant expressly acknowledges the adverse application ofHosler to his position but asserts that Hosler failed to fully consider R.C. 3937.33 and 3937.32 (C) in reaching its conclusion.
 {¶ 10} Our review of appellant's summary judgment challenge is conducted pursuant to a de novo standard of review. The de novo standard of review is well-established *Page 4 
in Ohio as the standard of review for summary judgment based appeals.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. To grant a motion for summary judgment to the moving party, we must find that there is no genuine issue of material fact; that the moving party is entitled to judgment as a matter of law; and that reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. See also Civ. R. 56 (C).
 {¶ 11} The basis of appellant's position asserting that the coverage by appellee remained in effect is rooted in statutory interpretation. In order to consider appellant's argument, we must examine and apply R.C. 3937.31(3), 3937.32(C) and (E), and 3937.33. In analyzing the impact of these determinative statutory provisions, we must keep in mind that "when the language of a statute is plain and unambiguous, and conveys a clear and definite meaning, there is no need for an appellate court to apply the rules of statutory interpretation." Perrysburg Twp. v.Rossford Arena Auth., 6th Dist. No. WD-07-008, 2008-Ohio-363.
 {¶ 12} R.C. 3937.31(A)(3) establishes that an insurer may cancel a policy for, "[nonpayment of premium, which means failure of the named insured to discharge when due any of the named insured's obligations in connection with the payment of premiums on a policy, or any installment of such premiums, whether the premium is payable directly to the insurer or its agent or indirectly under any premium finance plan or extension of credit." The record establishes that Eichler failed to tender his premium *Page 5 
payment for the disputed policy when it was due. The record similarly shows that Eichler failed to tender the payment upon notification of its past due status. As such, Progressive was lawfully entitled to cancel the policy due to the nonpayment of the overdue premium. Our analysis must now turn to whether Progressive's cancellation of the policy was done in accordance with the relevant statutory notice requirements.
 {¶ 13} R.C. 3937.33 establishes the general automobile insurance policy cancellation notice rule stating, "An insurer may cancel an automobile insurance policy at such time prior to its expiration for such reasons as may be permitted by section 3937.31 of the Revised Code, by mailing to the insured, at his last known address appearing on the insurer's records, at least 30 days prior to the effective date of cancellation, a notice of cancellation pursuant to section 3937.32 of the Revised Code." Accordingly, given that nonpayment of premium is one of the bases for cancellation established by R.C. 3937.31, R.C. 3937.33
next directs that a notice of cancellation be issued in conformity with R.C. 3937.32. Thus, we must next turn our attention to that provision.
 {¶ 14} R.C. 3937.32 establishes that, "No cancellation of an automobile insurance policy is effective, unless it is pursuant to written notice to the insured of cancellation. Such notice shall contain: * * * (C) The effective date of cancellation of the policy, which shall not be earlier than thirty days following the date of the notice." Accordingly, the general statutory rule for length of notice required for automobile insurance cancellation pursuant to the enumerated list of bases for cancellation set forth in R.C. 3937.31 is 30 days. *Page 6 
 {¶ 15} R.C. 3937.32 goes on to carve out a specific exception to this general 30-day notice rule. R.C. 3937.32 (E) unambiguously states, "Where cancellation is for nonpayment of premium at least ten days notice from the date of mailing of cancellation accompanied by the reason therefore shall be given." Accordingly, the length of notice required for cancellation is abbreviated in those limited cases where the policy cancellation is triggered by the insured's failure to pay the premium owed for the insurance coverage being provided.
 {¶ 16} In applying the above framework to this case, the record establishes that Eichler failed to tender the automobile insurance premium payment due on the relevant policy, this nonpayment is a legal basis for policy cancellation pursuant to R.C. 3937.31, the abbreviated ten-day notice requirement mandated by R.C. 3937.32(E) was provided, no payment was made following this notice, and the policy was properly canceled effective May 21, 2004, at 12:01a.m.
 {¶ 17} As we held in Hosier, the general 30-day notice provision for automobile insurance policy cancellations does not apply when the cancellation is for non-payment of past-due premiums. Those cases are governed by an abbreviated ten-day notice provision as a specific exception to the general 30-day notice requirements established by R.C. 3937.32(E). The record shows that Progressive properly complied with the cancellation notice to the insured required in this case. The record shows that the policy was canceled effective May 21, 2004, at 12:01a.m. Reasonable minds can only conclude that Progressive's automobile insurance policy was canceled and no longer in effect at *Page 7 
the time of the motor vehicle accident. It provided no coverage in connection with the accident. Wherefore, appellant's assignment of error is found not well-taken.
 {¶ 18} On consideration whereof, the judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1